IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02361-REB-CBS

UNITED WESTERN BANK fka MATRIX CAPITAL BANK a federal savings bank, duly chartered and validly existing under the laws of the United States of America,

    Plaintiff,

v.

NATIONAL CITY MORTGAGE COMPANY,

    Defendant.

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed by and between counsel for United Western Bank fka Matrix Capital Bank and National City Mortgage Company (collectively, the "Parties") that the terms and conditions of this Stipulated Protective Order shall govern the handling of certain documents, answers to interrogatories, depositions, pleadings, exhibits, hearing transcripts, and other information exchanged by the Parties in this action. Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED AS FOLLOWS:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     In order to be protected under this Protective Order, the Parties must designate information as "CONFIDENTIAL". CONFIDENTIAL material shall include information and documents in whatever format that contain Party information of a personal or confidential nature, or non-party information of a personal or confidential nature that either Party is obligated to protect from public disclosure. A Party shall make such designations only as to materials or testimony which that Party in good faith believes contains CONFIDENTIAL information. Any Party's failure to object to the designation as to any material shall not be deemed an admission that such material constitutes confidential material or is otherwise properly protectable under Fed. R. Civ. P. 26(c). CONFIDENTIAL material shall be used by the other Party solely for the purpose of conducting this litigation, and not for any other purposes whatsoever, specifically including the solicitation or other contacting of Party clients for purposes unrelated to this litigation.

4.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

5.         (a)    attorneys actively working on this case;

6.         (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

7.         (c)    the Parties to this case;

8.     (d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)     the Court and its employees ("Court Personnel");

    (f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)     deponents, witnesses, or potential witnesses on an "as-needed" basis only; and

    (h)     other persons by written agreement of the parties.

9.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment, in the form attached hereto as Exhibit A, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

10.     Documents shall be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL".

11.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

13. Within thirty (30) days from the conclusion of this case, unless other arrangements are agreed upon in writing, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the Parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

14. Nothing in this Order shall preclude any Party to the action, their attorneys or any

other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this action, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this litigation and designated as CONFIDENTIAL.

15.     Nothing in this Order shall preclude any Party to the lawsuit or their attorneys: (a) from showing a document designated as CONFIDENTIAL to an individual who either prepared or reviewed the document prior to the filing of this action, (b) from disclosing or using, in any manner or for any purpose, any information or documents from the Party's own files which the Party itself has designated as CONFIDENTIAL information, or (c) from showing a Party witness any document designated as CONFIDENTIAL by that Party.

16.     The production of any document or materials, or the presentation of any testimony, by the Parties under this Protective Order shall be without prejudice to any subsequent claim that such material is protected from discovery by reason of law, statute or privilege.  No Party shall assert in this case or after the conclusion of this case that the disclosing Party has waived any rights or privilege by producing CONFIDENTIAL information in the course of this case.   Furthermore, no Party shall assert after the conclusion of this case that production of CONFIDENTIAL material in this case constitutes a waiver of a Party's right to assert the material is a CONFIDENTIAL in a subsequent litigation or proceeding.

17.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Case 1:08-cv-02361-REB-CBS   Document 21   Filed 04/10/09   USDC Colorado   Page 6 of 8

DATED at Denver, Colorado, this 10th day of April, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

Stipulated and agreed to by the parties

this 7th day of April, 2009:

s/ Julie M. Walker

Julie M. Walker
Wheeler Trigg & Kennedy, P.C.
1801 California Street, Suite 3600
Denver, Colorado 80202

Attorneys for Defendant National City Mortgage Company

s/ Julie J. Noonan

Julie J. Noonan
Cozen O'Connor
707 17th Street, Suite 3100
Denver, CO 80202

Attorneys for Plaintiff United Western Bank

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-02361-REB-CBS

UNITED WESTERN BANK fka MATRIX CAPITAL BANK a federal savings bank, duly chartered and validly existing under the laws of the United States of America,

    Plaintiff,

v.

NATIONAL CITY MORTGAGE COMPANY,

    Defendant.

## ACKNOWLEDGEMENT OF AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER entered by the Court on _____, 2009 in the above captioned matter, that he/she is one of the persons contemplated in paragraph 4 of the PROTECTIVE ORDER as authorized to receive disclosure of information designated as "CONFIDENTIAL", and that he/she fully understands and agrees to abide by the obligations and conditions of the PROTECTIVE ORDER, and hereby submits to the jurisdiction of the Court for purposes of enforcement of the PROTECTIVE ORDER.

NAME:

COMPANY:

CASE INVOLVEMENT:

DATE:

SIGNATURE:

739118v.2